**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CODING TECHNOLOGIES, LLC | § | |
| | § | |
| Plaintiff, | § | Case No: |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| STEWART & STEVENSON LLC | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

**COMPLAINT**

Plaintiff Coding Technologies, LLC ("Plaintiff" or "CT") files this Complaint against Stewart & Stevenson LLC ("Defendant" or "SSLLC") for infringement of United States Patents No. 8,540,159 (the " '159 Patent").

**PARTIES AND JURISDICTION**

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff is a Texas limited liability company with a place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4.      On information and belief, Defendant is a Delaware limited liability company with a principal office located at 1000 Louisiana St., Suite 5900, Houston, TX.

5.      This Court has personal jurisdiction over Defendant because Defendant has

committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.     Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7.     On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because acts of infringement are occurring in this District and because Defendant has a regular and established place of business in this District.  For example, on information and belief, Defendant has a place of business located at 4935 Whitehurst Dr, Longview, TX 75602.  On information and belief, Defendant has other regular and established places of business in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,540,159)

8.     Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9.     This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10.     Plaintiff is the owner by assignment of the '159 Patent with sole rights to enforce the '159 Patent and sue infringers.

11.     A copy of the '159 Patent, titled "Method for Providing Mobile Service Using Code-pattern," is attached hereto as Exhibit A.

12.     The '159 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13.     Upon information and belief, at least through internal testing, Defendant has

infringed and continues to infringe one or more claims, including at least Claims 1, 2, 3, 8, 9, 10, 15 and 16 of the '159 Patent by using and/or incorporating code patterns in one or more packaging items, advertisement media, and/or other locations distributed by and/or controlled by Defendant in a manner covered by one or more claims of the '159 Patent. Defendant has infringed and continues to infringe the '159 Patent in violation of 35 U.S.C. § 271.

14.   Regarding Claim 1, as shown below, Defendant provides a code pattern (e.g., a QR code) on printed and/or electronic media (e.g., SSLLC's Careers brochure).  At least through internal use and testing, Defendant provides content (e.g., a web page associated with Defendant) with the use of the code pattern by a user terminal (e.g., a smartphone).



http://www.stewartandstevenson.com/assets/files/downloads/literature/careers.pdf

15.   As illustrated below, a photographic image of the code pattern is obtained using a camera of the user terminal (e.g., the camera of the smartphone).  A processor of the user terminal processes the photographic image of the code pattern to extract the code pattern from the photographic image.  The extracted code pattern is decoded by the processor into code information (e.g., the URL of the web page associated with Defendant).





16.     As illustrated below, a content information request message is sent to a server based on the code information.  For example, an http request message requesting access of the web page is sent to Defendant's server based on the code information (e.g., the URL of the associated web page).  Content information (e.g., the associated web page) is received from the server in response to the content information request message.







17.     Regarding Claim 2, and as shown in the screen shots above, the content information comprises at least one of: image, sound, moving picture, and text data.

18.     Regarding Claim 3, the step of transmitting a content information request message includes extracting a uniform resource locator (URL) of the server from the code information and transmitting the content information request message to the server based on the extracted URL.  For example, the content information request message is an http request message

for accessing the web page associated with Defendant.  The URL of the server is extracted from the code pattern and the content information request message is transmitted based on the extracted URL. This is illustrated in the screen shots above.

19.     Regarding Claim 8, Defendant, at least in internal use and testing, utilizes a user terminal (e.g., smartphone) for providing content (e.g., a web page associated with Defendant) with the use of a code pattern (e.g., a QR code).  Defendant provides a code pattern (e.g., a QR code) on printed and/or electronic media (e.g., SSLLC's Careers brochure).  At least through internal use and testing, Defendant provides content (e.g., a web page associated with Defendant) with the use of the code pattern by a user terminal (e.g., a smartphone).  A camera is used to obtain a photographic image of the code pattern.  A processor of the user terminal processes the photographic image of the code pattern to extract the code pattern from the photographic image. A decoder decodes the extracted code pattern into code information (e.g., the URL of the web page associated with Defendant).  The user terminal includes a transceiver which transmits a content information request message to a server based on the code information.  For example, an http request message requesting access of the web page is sent to Defendant's server based on the code information (e.g., the URL of the associated web page).  The transceiver receives content information (e.g., the associated web page) from the server in response to the content information request message.  These claim elements correspond to the steps in Claim 1 and are further described in connection with paragraphs 14-16 above.  These claim elements are also illustrated in the screen shots provided above.

20.     Regarding Claim 9, and as shown in the screen shots above, the content information comprises at least one of: image, sound, moving picture, and text data.

21.     Regarding Claim 10, the processor is configured to extract a uniform resource

locator (URL) of the server from the code information and the transceiver is configured to transmit the content information request message to the server based on the extracted URL.  For example, the content information request message is an http request message for accessing the web page associated with Defendant.  The URL of the server is extracted from the code pattern and the content information request message is transmitted based on the extracted URL. This is illustrated in the screen shots above.

22.     Regarding Claim 15, on information and belief, Defendant provides and/or uses a non-transitory machine-readable storage medium having encoded thereon program code, wherein the program code is executed by a machine, and wherein the machine implements the method described above in connection with at least Claim 1 (as described in connection with paragraphs 14-16 and the screen shots provided above).  Those method steps are the same as recited in connection with Claim 15.

23.     Regarding Claim 16, Defendant provides a code pattern (e.g., a QR code) on printed and/or electronic media (e.g., SSLLC's Careers brochure).  At least through internal testing, Defendant provides content (e.g., a web page associated with Defendant) with the use of the code pattern by a user terminal (e.g., a smartphone).  A photographic image of the code pattern is obtained using a camera of the user terminal (e.g., the camera of the smartphone).  A processor of the user terminal processes the photographic image of the code pattern to extract characteristic information (e.g., a code pattern) from the photographic image.  A content information request message with the characteristic information is sent to a server.  For example, an http request message requesting access of the web page is sent to Defendant's server based on the code information (e.g., the URL of the associated web page).  Content information (e.g., the associated web page) is received from the server in response to the content information

request message.

24.     Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

25.     Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

26.     Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a)     Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b)     Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 8,540,159 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c)     Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)     Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e)     Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: August 25, 2017                    Respectfully submitted,


                                          */s/ Jay Johnson*
                                          **JAY JOHNSON**
                                          State Bar No. 24067322
                                          **D. BRADLEY KIZZIA**
                                          State Bar No. 11547550
                                          **KIZZIA JOHNSON, PLLC**
                                          1910 Pacific Ave., Suite 13000
                                          Dallas, Texas 75201
                                          (214) 451-0164
                                          Fax: (214) 451-0165
                                          jay@kjpllc.com
                                          bkizzia@kjpllc.com

                                          **ATTORNEYS FOR PLAINTIFF**

**EXHIBIT A**